# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **ALVARO PANIAGUA GARCIA**, | ) |
| | ) |
| Petitioner, | ) Case No. 7:06CV00084 |
| | ) |
| v. | ) **OPINION** |
| | ) |
| **UNITED STATES OF AMERICA**, | ) By: James P. Jones |
| | ) Chief United States District Judge |
| Respondent. | ) |

*Alvaro Paniagua Garcia, Petitioner Pro Se.*

Alvaro Paniagua Garcia, a federal inmate proceeding pro se, brings this Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C.A. § 2255 (West Supp. 2005). I find that the motion is untimely and will accordingly dismiss it.

I

Garcia pleaded guilty on May 22, 2002, to participating in a conspiracy to distribute methamphetamine. On August 16, 2002, the court sentenced Garcia to 121 months imprisonment. Garcia appealed, and the United States Court of Appeals for the Fourth Circuit dismissed that appeal on June 17, 2003. The present motion under § 2255 was signed by the petitioner on January 24, 2006. In the motion, Garcia

challenges the validity of his confinement on grounds of double jeopardy, prosecutorial misconduct, and unconstitutional sentence.

II

A person convicted of a federal offense has one year to file a § 2255 motion, starting from the latest of the following dates:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2255 para 6. If the district court gives the petitioner notice that the motion appears to be untimely and allows an opportunity to provide any argument and evidence regarding timeliness, and the petitioner fails to make the requisite

showing, the district court may summarily dismiss the motion. *See Hill v. Braxton*, 277 F.3d 701, 707 (4th Cir. 2002).

Upon receipt of this action, the court notified Garcia that his motion appeared to be untimely and granted him an opportunity to provide additional evidence and argument as to why it should be deemed timely. Garcia submitted a response. After considering that response and the court record, the court concludes that the § 2255 motion was untimely filed. Garcia's conviction became final on or about September 15, 2003, when his opportunity to file a petition for a writ of certiorari in the Supreme Court expired. *See Clay v. United States*, 537 U.S. 522, 525 (2003). Garcia did not file his § 2255 motion until January 2006, more than two years from the date on which his conviction became final. Therefore, I find it to be untimely, pursuant to § 2255 para. 6(1). He does not allege facts or raise claims triggering subparagraphs (2), (3), or (4) of § 2255 para. 6.

Equitable tolling is available only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). Generally, a petitioner seeking equitable tolling must demonstrate that he has been diligently pursuing his rights and that some extraordinary circumstances stood in his way to prevent him

from filing a timely petition. *See Pace v. DiGuglielmo*, 125 S. Ct. 1807, 1814 (2005); *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003). Mere lack of knowledge as to a statutory deadline for filing for federal habeas relief or unfamiliarity with the legal process does not support granting such extraordinary relief. *See Harris*, 209 F.3d at 330.

In an attempt to invoke equitable tolling, Garcia argues that he is "actually innocent" of the federal sentence imposed because he was also convicted and sentenced on a similar charge in the Shenandoah County Circuit Court. Even if a colorable claim of actual innocence of the charged conduct would warrant equitable tolling of the § 2255 limitation period, petitioner has made no such showing.[1]

---

[1] Neither the Supreme Court nor the Fourth Circuit have held that actual innocence of a sentence enhancement tolls the limitation period in § 2255 para. 6. Some courts have held that a showing of actual innocence may warrant equitable tolling of the § 2255 filing period under extremely limited circumstances. *See, e.g., United States v. Montano*, 398 F.3d 1276 (11th Cir. 2005) (to show actual innocence so as to lift procedural bar under § 2255 para. 6, defendant was required to show he was actually innocent not only of crime to which he pled guilty, but was also actually innocent of charges foregone by the government in the course of plea bargaining). Generally, to demonstrate actual innocence as a gateway to review of procedurally barred § 2255 claims, petitioner must show that in light of all the evidence, including specific, reliable evidence not presented at trial, "it is more likely than not that no reasonable juror would have convicted him" of the underlying crime. *Bousley v. United States*, 523 U.S. 614, 623 (1998).

III

For these reasons, there is no ground upon which the present motion might be deemed timely filed. Accordingly, it will be dismissed.

A separate Final Order will be entered herewith.

DATED: March 17, 2006

/s/ JAMES P. JONES
Chief United States District Judge